· JULIA F. MURRAY, Respondent, v. LOUISE MURRAY EDDY and Others, Appellants.— Appeal dismissed, with costs; order granted by Mr. Justice Devendorf, restraining the sale of the property under the judgment of partition and sale herein, dated October 6, 1922, is vacated and set aside.

---

# FIRST DEPARTMENT, JULY, 1923.

JOSEPH MEYER and Another, Copartners, etc., Respondents, v. D. M. BALSAM COMPANY, Appellant.

*Pleadings — action upon alleged guaranty of account — complaint shows guaranty of payment of account merely and does not allege due performance nor sufficient reason for absence thereof — complaint insufficient.*

Appeal from an order of the Supreme Court, made at the New York Special Term and entered in the New York county clerk's office on March 28, 1923, denying the defendant's motion for judgment dismissing the complaint.

PER CURIAM: This action is brought to recover damages against the defendant, the complaint alleging that the defendant, having guaranteed the account of one Mace Manufacturing Company, became liable for the failure of that company to perform its contract. Plaintiffs' allegations of the contract with the defendant, as they claim it to be, are found in the 4th paragraph of the complaint. In our opinion, they are vitally qualified in the two last clauses, which read: " all of which appears in the letters of confirmation annexed hereto, made a part hereof and marked Exhibits B and C respectively," the effect of which is that the 4th paragraph alleges that defendant's obligation is as appears from the exhibits. They show that defendant merely guaranteed payment of an account, as to which duplicate bills were to be sent to the guarantor concurrently with deliveries. In our opinion, there is no reason here for the construction placed upon the guaranty by the allegations of the 4th paragraph of the complaint that defendant guaranteed performance of all the terms and conditions of the contract. We also think the conclusion of due performance, as authorized by the statute,* has been rendered defective by the insertion of qualifying words in the 9th paragraph. The effect is that plaintiff neither alleges due performance nor sufficient reason for the absence thereof. The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiffs to serve an amended complaint upon payment of said costs. Present — Clarke, P. J., Smith, Merrell, Finch and Martin, JJ. Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within ten days from service of order upon payment of said costs.

---

Appeal from an order of the Supreme Court, made at the New York Special Term and entered in the New York county clerk's office on January 15, 1923, denying defendants' motion for judgment on the pleadings.

---

* See Rules Civ. Prac. rule 92; formerly Code Civ. Proc. § 533.— [REP.